Dora V. Lane, Esq.
Nevada Bar No. 8424
dlane@hollandhart.com
R. Calder Huntington, Esq.
Nevada Bar No. 11996
rchuntington@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600
(702) 669-4650 – fax
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA LIENAU, Individually,<br><br>            Plaintiffs,<br><br>v.<br><br>NEVADA GAMING PARTNERS, LLC, a domestic limited-liability company; NEVADA GAMING PARTNERS MANAGEMENT, LLC, a domestic limited-liability company; NEVADA GAMING PARTNERS MANAGEMENT II, LLC, a domestic limited-liability company; MANAGED BUSINESS SERVICES, INC., a domestic corporation; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br>            Defendants. | CASE NO.: 2:16-cv-01818-RFB-NJK<br><br>**DEFENDANTS' MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Nevada Gaming Partners, LLC, Nevada Gaming Partners Management, LLC, Nevada Gaming Partners Management II, LLC and Managed Business Services, Inc. (collectively, "Defendants"), by and through their counsel of record, Holland & Hart LLP, hereby submit this Motion to Dismiss Plaintiff's complaint.

/ / /

/ / /

/ / /

This Motion is made based on the attached Memorandum of Points and Authorities, the Complaint on file in this action, and any oral argument this Court may allow.

DATED this 10th day of August, 2016.

HOLLAND & HART LLP

By /s/ R. Calder Huntington
Dora V. Lane, Esq.
Nevada Bar No. 8424
R. Calder Huntington, Esq.
Nevada Bar No. 11996
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
*Attorneys for Defendants*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

Maria Lienau ("Lienau") fails to properly plead certain claims set forth in her Complaint. Specifically, Lienau fails to present facts supporting her retaliation and negligent hiring, training, and retention claims. She also fails to properly limit her wage and hour claims to the statutory limitations periods. Lienau's Title VII claims are limited by the charge of discrimination she presented to the Equal Employment Opportunity Commission ("EEOC") and attached to her Complaint. In that charge, Lienau only claimed that her Nevada Gaming Partners supervisor "subjected [her] to verbal sexual harassment" and that the company took no action to correct his behavior after she complained. Nonetheless, in her Complaint, Lienau now presents a claim for retaliation—a claim wholly absent from her charge. As the retaliation claim was not presented to the EEOC, it must also be dismissed from her Complaint. Further, the charge was directed only at Nevada Gaming Partners. Thus, Lienau's Title VII claims too should be limited to Nevada Gaming Partners, not the other named Defendants.

Lienau also asserts a factually unsupported claim for negligent hiring, training, and retention that is legally barred by various different statutes and doctrines. First, Lienau alleges no facts regarding Nevada Gaming Partners' hiring or training processes or policies to support her claim. Second, the economic loss doctrine, which prohibits claims that result solely in economic loss

rather than physical harm, bars Lienau's negligence claims. Third, if Lienau were to attempt to amend her Complaint to allege physical harm, the claim would instead be barred by the worker's compensation exclusive remedy. The Nevada Industrial Insurance Act (worker's compensation) provides the exclusive remedy for work-related injuries. Thus, whether Lienau alleges physical harm only changes which doctrine bars Lienau's claim, but does not impact the ultimate conclusion that the claim is barred. Lastly, the Nevada Supreme Court has held that NRS 613.330 provides the exclusive remedy for tort-type claims arising from unlawful employment practices. As such, this statute too prohibits Lienau's negligent hiring, training, and supervision claim. Thus, it should be dismissed and Lienau limited to her Title VII/state law harassment claim and time-limited wage and hour claims.

## II.   RELEVANT FACTUAL ALLEGATIONS[1]

On or about December 21, 2010, Lienau began employment with Nevada Gaming Partners as a slot attendant at its Cardenas Market location. ECF No. 1, Exhibit 1, Compl., ¶ 14 (the "Complaint"). Lienau's supervisor was Ron Pajak ("Pajak"). *Id.* at ¶ 15. Lienau alleges that Pajak would tell her that he was attracted to her and wished to have a relationship with her pretty much from the start of her employment. *Id.* at ¶¶ 16-18. Though Lienau was allegedly not receptive to this conduct, she decided to ignore Pajak. *Id.* at ¶¶ 19-20. Pajak's supposed efforts to woo Lienau purportedly escalated with text messages, requesting her friends help him in his efforts, and statements to others that they were romantically involved. *Id.* at ¶¶ 21-28. Pajak's alleged harassing conduct culminated with Pajak supposedly threatening Lienau with a changed location and shifts (though the Complaint confirms these changes were not implemented) and allowing other employees to harass Lienau. *Id.* at ¶¶ 40-43.

---

[1] As this is a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), the facts presented are those alleged in the Complaint. Defendants do not admit to these facts and reserve the right to challenge all alleged facts at later stages of this litigation.

After three years of this alleged conduct, Lienau finally complained to Bruce Familian and Jon Athey[2] in or about April or May 2014. *Id.* at ¶ 35. Lienau claims that while Familian and Athey told her that they would address the situation, they took no action one way or the other. *Id.* at ¶ 36. Following Familian's and Athey's alleged inaction, Lienau quit on May 16, 2014, providing a final employment date of May 21, 2014. *Id.* at ¶¶ 43-44. While Lienau alleges her quitting constituted a constructive discharge, she admits that she had waited three years to first complain about Pajak and gave an approximate one-week notice when she decided to quit.

Separate and apart from her "harassment" allegations, Lienau alleges that she was required to "perform work-related tasks and errands" 'off the clock' throughout her employment and without pay. *Id.* at ¶ 45. Lienau does not describe what these work-related tasks or errands consisted of. *See generally*, Compl.

On or about September 4, 2014, months after quitting her job with Nevada Gaming Partners, Lienau filed a charge of discrimination with the EEOC. ECF No. 1, at Compl. Exhibit 2, Charge (the "Charge"). In this Charge, Lienau contended that she had been "subjected to verbal sexual harassment by Ron Pajak, Supervisor" and that nothing was done after she complained. *Id.* Thus, she told the EEOC, she constructively discharged herself soon after complaining, despite waiting through three years of supposed harassment to complain in the first place. *Id.* Nowhere in Lienau's Charge does she contend that Pajak, Athey, or anyone else retaliated against her. *See id.*

### III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FRCP 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Rule 12(b)(6) therefore affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Ashcroft v. Iqbal*, 556 U.S.

---

[2] Lienau misspells Athey's name as John Attey in the Complaint.

662, 677-78 (2009). If the factual allegations, taken as true, do not support legal relief, the complaint as a whole or individually insufficient claims should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### IV.  LEGAL ARGUMENT

#### A.  Lienau's Retaliation Claim Should Be Dismissed Because She Failed to Exhaust Her Administrative Remedies

"The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994) and *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)).[3] To survive a motion to dismiss, claims raised in litigation must have previously been

---

[3] In the past, courts regularly analyzed the exhaustion requirement as a subject matter jurisdiction issue. *B.K.B. v. Mauis Police Dept.*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies."). Notwithstanding courts' offhanded description of Title VII administrative exhaustion as a jurisdictional prerequisite to a suit, the Court properly analyzes these arguments under Fed.R.Civ.P. 12(b)(6)." *Duncan v. Rio Suite Hotel & Casino*, 2012 WL 5818125,
...(cont'd)

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

presented to the EEOC. *See id*. In determining whether a claim has been presented to the EEOC, the court should consider whether the allegations in the charge would have placed the claim "'within the scope of an EEOC investigation that could be expected to grow out of the allegations.'" (quoting *Leong*, 347 F.3d at 1122). Thus, failure to check the appropriate box on the charge of discrimination *in addition to* the fact that the cause of action is not identified in the description section will cause that claim to be dismissed. *See Handte v. Hosmer*, 327 Fed.Appx. 1, 5, 2008 WL 4946334 (9th Cir. 2008) (affirming summary judgment on sex discrimination claim in favor of employer where plaintiff did not mark appropriate box and discrimination description did not suggest gender discrimination); *Gannon v. Potter*, 298 Fed.Appx. 623, 624, 2008 WL 4817116, * 1 (9th Cir. 2008) (affirming summary judgment where plaintiff only alleged race and gender discrimination but not retaliation); *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) ("Normally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another.").

In Lienau's Charge, Lienau only marked the box labeled "Sex" as the "Cause of Discrimination". ECF No. 1, Exhibit 2, Charge.[4] Lienau did not mark the retaliation box. *Id*. Allegations of retaliation are similarly absent from the Charge. *Id*. Specifically, the Charge contains only the following sentences:

> I was hired as a Slot Attendant on December 21, 2010.
>
> Throughout my tenure of employment, I was subjected to verbal sexual harassment by Ron Pajak, Supervisor. Although I repeatedly asked him to stop, he continued to engage in this behavior.
>
> In April or May 2014, I complained to John Attey [*sic*, Jon Athey], Owner, about Mr. Pajak's conduct.
>
> On May 16, 2014, I informed Respondent that I was resigning from my position effective May 21, 2014. I was constructively discharged from my

---

(cont'd)
* 4 (D. Nev. Nov. 15, 2012); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); *Sommatino v. U.S.*, 255 F.3d 704, 708 (9th Cir. 2001).
[4] As Lienau attached her Charge to her Complaint as an exhibit, the Court may consider the Charge without converting this Motion to Dismiss into one for summary judgment. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

> position due to Respondent's **lack of action** to address my complaint and Mr. Pajak's conduct.
>
> I believe that I have been discriminated against **due to my sex (female)**, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* (emphasis added). Nowhere in these seven sentences does Lienau provide any indication that any defendant retaliated against her. *See Gannon*, 298 Fed.Appx. at 624, 2008 WL 4817116 at * 1 (affirming summary judgment where plaintiff only alleged race and gender discrimination but not retaliation); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 (7th Cir. 1988) ("Steffen's retaliation claim injects an entirely new theory of liability into the case alleging unlawful activity of a much different nature than the age discrimination alleged in the charge."). Rather, in her Charge, Lienau provides allegations of discrimination and states that, after she complained, Nevada Gaming Partners failed to act. ECF No. 1, Exhibit 2, Charge. In other words, she alleged that no adverse employment action took place after she allegedly engaged in protected activity.[5] Further, she concludes only that she was discriminated against "due to my sex (female)," not that Defendants retaliated against her. Because the scope of Lienau's Charge did not encompass retaliation and would not lead to an investigation of retaliation, her retaliation claim should be dismissed with prejudice. *See Gannon*, 298 Fed.Appx. at 624, 2008 WL 4817116 at * 1.

### B. Lienau's Claims Should Be Dismissed Against All Defendants Other than Nevada Gaming Partners

#### 1. Lienau Did Not Name the Other Defendants in Her Charge

As stated above, Title VII claims alleged in litigation must have been first brought to the EEOC. *Leong v. Potter*, 347 F.3d at 1122. As a corollary to this rule, generally, "Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceedings." *Sosa*, 920 F.2d at 1458. Here, Lienau only alleges

---

[5] To state a prima facie claim of retaliation, a plaintiff must establish "'(1) involvement in protected activity, (2) an adverse employment action, and (3) a causal link between the two.'" *Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (2004).

that she filed a charge of discrimination against Nevada Gaming Partners, which is confirmed by the Charge she attached to her Complaint. *See* ECF No. 1, Exhibit 2, Charge. In that Charge, Lienau did not reference the other Defendants named in this suit: Nevada Gaming Partners Management, LLC ("NGPM"), Nevada Gaming Partners Management II, LLC ("NGPM2"), or Managed Business Services, Inc. Neither did she imply that any other entities were involved in the harassment or discrimination she alleges other than Nevada Gaming Partners.[6]

### 1. NGPM and NGPM 2 Did Not Exist During the Relevant Time Period and Should Be Dismissed

It is unsurprising that Lienau did not name NGPM and NGPM 2 in her charge of discrimination, which was signed September 4, 2014, because neither of them existed yet. As they did not exist while Lienau was employed, they could not have jointly employed Lienau with any other entity or been involved in her employment as a matter of law. In her Complaint, Lienau alleges that she was hired on December 1, 2010, and that her "last day of employment with Defendants was May 21, 2014." Compl. ¶¶ 14 and 44. However, public records available through the Nevada Secretary of State's website demonstrate that NGPM was not created until June 18, 2015, and that NGPM2 was not created until January 26, 2016. **Exhibit 1**, Nevada Secretary of State Printout for NGPM; **Exhibit 2**, Nevada Secretary of State Printout for NGPM2.[7] Given Lienau's admission that she ceased working for any of the Defendants more than a year prior to

---

[6] While there are various exceptions to the general rule limiting suit to entities named in a charge, Lienau has not alleged facts showing that any of them apply. *Sosa*, at 1458-59 (explaining the exceptions to this general rule). Specifically, Lienau only alleges that Defendant Managed Business Services was a joint employer with control over Lienau's wages and generally that the remaining defendants were "partners, joint venturers," etc. with no factual support or detail. As such, Lienau's sexual harassment and discrimination claim and retaliation claim should be dismissed as against these Defendants.

[7] These and other public records relating to the formation of NGPM and NGPM2 can be found by searching for their names at www.nvsos.gov/sosentitysearch/. Further, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 689 ("a court may take judicial notice of 'matters of public record.'") (quoting *Mack*). Thus, it is proper for the Court to consider these public records in resolving this Motion.

either of these entities being created, they could not have been have been her joint employers or otherwise involved in her employment. *Compare* Compl., ¶¶ 14 and 44, *with* Exhibit 1 and Exhibit 2. As such, at the very least, NGPM and NGPM2 should be dismissed from this action with prejudice.

### 2. Lienau's Undifferentiated Pleading Is Improper and Should Result in Dismissal of the Undifferentiated Defendants

Not only did Lienau not name the majority of the Defendants in her Charge, she does not allege that any individual Defendant other than Nevada Gaming Partners engaged in prohibited conduct. In fact, after her description of the parties in Paragraphs 5-11, Lienau does not make any allegations against any Defendant other than Nevada Gaming Partners. *See generally*, Compl. Courts have repeatedly concluded that undifferentiated allegations against multiple defendants, such as those presented here, are improper. *See, e.g.*, *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *3-4 (N.D. Cal. May 5, 2011) (dismissing complaint based, in part, on undifferentiated pleading); *Aaron v. Aguirre*, 2007 WL 959083, *16, n.6 (S.D.Cal. Mar. 8, 2007); *In re Sagent Tech., Inc.* 278 F.Supp.2d 1079, 1094 (N.D.Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act"); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988) (holding that lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of FRCP 8(a)(2)); *Weiszmann v. Kirkland & Ellis*, 732 F.Supp. 1540, 1549 (D.Colo. 1990) ("Where…there are multiple defendants, the complaint should specify what conduct by each defendant gives rise to the asserted claim"). Because Lienau has failed to plead any claims specifically against NGPM, NGPM2, or Managed Business Services, Inc., these Defendants should be dismissed entirely, as they cannot possibly be expected to respond to the undifferentiated allegations in the Complaint.

### C. Lienau's Wage and Hour Claims Should be Limited to Their Relevant Statutory Periods

Lienau alleges claims for minimum wage and overtime under both federal and state law, both of which provide limitations for these claims. The Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201, et seq., contains two limitations periods for overtime and minimum wage claims, a two-year limitations period for non-willful violations and a three-year period for willful violations. 29 U.S.C. § 255(a). Similarly, Nevada provides a two-year limitations period for minimum wage claims. NRS 608.260. Here, it is unclear whether Lienau asserts any claims beyond the two-year limitations period for Nevada law or the three-year maximum limitations period under the FLSA (which Lienau will not be able to support at summary judgment). For example, in Paragraph 14 of the Complaint, Lienau contends that she was hired on December 21, 2010. She later contends that she was required to perform off the clock work and work in most work weeks, without limiting her allegations to the statutory period. *See* Complaint, ¶¶ 46-48. However, in Paragraphs 78 through 109, Lienau does not limit her wage and hour claims to the maximum relevant statutory periods. As such, Defendants request the Court simply limit Lienau's FLSA claims to the three-year statutory period and the state law claims to the two-year statutory period.[8]

### D. To the Extent Lienau Pleads a Conversion Claim, It Fails as a Matter of Law

Lienau does not separately enumerate a claim for conversion, but within her fifth cause of action for failure to pay wages/minimum wage under the Nevada Constitution, Lienau states that by allegedly failing to pay wages, "defendants have[e] also committed a conversion of such property." Compl., at ¶ 107. To the extent this is an effort to backdoor a conversion claim, it fails as a matter of law. "Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 328, 130 P.3d 1280, 1287 (2006). Based on similar definitions of conversion, jurisdictions around the country have roundly rejected conversion claims based on failure to pay wages/minimum wage claims. *See, e.g.*, *In re Wal-Mart*

---

[8] Defendants will likely later argue that the two-year statutory period for non-willful FLSA violations is appropriate or that the claims should be dismissed in a motion for summary judgment. The Court need not address those issues currently.

*Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1102-15 (D. Nev. 2007) (dismissing conversion claims based on failure to pay wages under the laws of Delaware, Utah, Montana, Alaska, Hawaii, Maine, Wyoming, and Nebraska);[9] *Pelayo v. Platinum Limousine Services, Inc.*, 2015 WL 5768949, *6-9 (D. Haw. Sept. 30, 2015) (analyzing and ultimately following *In re Wal-Mart* and dismissing conversion claim based on plaintiffs' failure to pay wages and expenses claims); *Madrigal v. Tommy Bahama Group, Inc.*, 2010 WL 4384235, *5-7 (C.D. Cal. Oct. 18, 2012) (dismissing plaintiffs' conversion claim based on failure to pay wages and stating "Plaintiffs have failed to cite a case in which a statutorily-based claim for nonpayment of wages has been the subject of a conversion claim.").

While the Nevada Supreme Court has never addressed whether a failure to pay wages claim could support a conversion claim, it is likely that the Nevada Supreme Court would follow the reasoning of the cases cited above and reject such a claim. First, the claim is adequately addressed by Nevada statutes and the Nevada Constitution. *Green v. Party City Corp.*, 2002 WL 553219, at *5 (C.D. Cal. Apr. 9, 2002) (holding, under California law, that "the statutory remedies for unpaid overtime wages bars plaintiff's claim for conversion."). Second, until the wages are actually paid, they are not the personal property of the claimant subject to conversion. Finally, courts generally require that the alleged personal property supporting a conversion claim be specifically and readily identifiable, not fungible. *In re Wal-Mart*, 490 F.Supp.2d at 1109-11; *Madrigal*, 2010 WL 4384235, at *5-6 ("[M]oney cannot be the subject of an action for conversion unless a specific sum capable of identification is involved.") (quoting *Farmers Inc. Exchange v. Zerin,* 53 Cal.App.4th 445, 61 Cal.Rptr.2d 707 (Cal.Ct.App.1997) (alteration in *Madrigal*)). Here, there is no identifiable sum of

---

[9] Defendants acknowledge that the *Wal-Mart* court did not dismiss the Nevada conversion claim. *In re Wal-Mart*, 490 F.Supp.2d at 1115. However, the court refused to dismiss that claim solely on the basis that the defendants had not separately addressed the Nevada claim with points and authorities as required by Local Rule 7-2(d). *Id.* Thus, the court did not decide that such a claim was viable, merely that it needed to be briefed. *Id.* The reasons and analysis supporting dismissal of the conversion claims under the laws of the other states supports dismissal under Nevada law equally as well as it does under the law of those states.

money that would be owed to Lienau if she were to prevail on her claim: the claimed debt is fungible. *See id.*. Thus, for all the forgoing reasons and the analysis set forth in *In re Wal-mart* and other cases, if Lienau is attempting to assert a conversion claim, it should be dismissed with prejudice.

### E. Lienau's Negligent Hiring, Training, and Supervision Claim Fails as a Matter of Law

#### 1. Lienau Fails to Allege Facts Supporting a Negligent Hiring, Training, and Supervision Claim

Under Nevada law, an "employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Mason v. Univ. and College Sys. of Nev.*, 265 Fed. App'x 585, 2008 WL 215395, *3 (9th Cir. Aug. 21, 2007) (citing *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 99 (1996)). Additionally, an employer breaches this duty if he hires a dangerous employee when he knew or should have known of the employee's dangerous propensities. *Id.* (citing *Hall v. SSF, Inc.*, 930 P.2d 94 (Nev. 1996)). At a minimum, a plaintiff must set forth facts regarding a defendant's hiring and training practices in order to survive a motion to dismiss. *See Lambey v. Nev. Dept. of Health & Human Svcs.*, 2008 WL 2704191, *3 (D. Nev. July 3, 2008) (holding that "a cursory legal conclusion that Defendant was negligent in hiring" was insufficient to survive dismissal); *see also Lucey v. Nevada ex rel., Bd. of Regents of Nev. Sys. of Higher Educ.*, 2009 WL 971667, *7 (D. Nev. Apr. 9, 2009), *aff'd*, 380 Fed. Appx. 608 (9th Cir. 2010) (dismissing claim because Plaintiff made no factual allegations beyond the broad assertion that Defendants hired employees with a "propensity towards committing unlawful acts" and "brought forth no evidence to show" that Defendant negligently hired its employees).

Here, Lienau presents no allegations regarding Defendants' hiring or training practices. *See generally*, Compl. Lienau does not allege that any person hired by Defendants had a propensity towards violence or that there was any reason Defendants' should have known an employee might otherwise violate Lienau's rights. Rather, Lienau only makes the conclusory allegation that "Defendants damaged Plaintiff by failing to supervise, train, and hire appropriate personnel …."

This is the type of allegation *Iqbal* and *Twombly* have declared insufficient to support a claim. As this claim is unsupported by any necessary factual allegations, it should be dismissed.

### 2. Alternatively, Lienau's Claim Is Barred by the Economic Loss Doctrine

Further, to support a claim for negligent hiring, training and supervision, a plaintiff must have suffered a physical harm or injury, not mere economic loss. *Houston v. Wynn Resorts*, 2007 WL 1288813, *1 (May 1, 2007) (citing *Blanck v. Hager*, 360 F.Supp.2d 1137, 1157 (D .Nev. 2005)). In *Houston*, Plaintiff was terminated and alleged various claims, including claims for negligent hiring, training, and supervision. *See generally Houston*, 2007 WL 1288813. While the *Houston* plaintiff claimed she suffered physical harm, she alleged no facts supporting this conclusion. *Houston*, 2007 WL 1288813 at *1. As such, the court dismissed her claim because it was barred by the economic loss doctrine. *See id.*; *see also Blank*, 360 F.Supp.2d at 1157-59 (applying the economic loss doctrine to negligent supervision and retention claim). Here, Plaintiff fails to even allege physical harm, much less facts showing she was physically harmed. *See generally*, Compl. As such, Lienau's negligent hiring, training, and supervision claim is barred by the economic loss doctrine and should be dismissed.

### 3. If Not Barred by the Economic Loss Doctrine, Lienau's Claim Is Precluded by the Exclusive Remedy of Nevada's Worker's Compensation Law

"The NIIA [the Nevada Industrial Insurance Act] provides exclusive remedies for injuries caused by negligence arising out of employment." *Bravo v. Caesars Entm't Corp.*, 2014 WL 7178359, at *5 (D. Nev. Dec. 17, 2014). In the seminal case of *Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005), "the Nevada Supreme Court thoroughly analyzed the NIIA's preclusive effect on an employee's claims of negligent hiring, training, and supervision, sexual harassment, and negligent infliction of emotional distress against her employer." *Young v. Zappos.com, Inc.*, 2010 WL 1612140, *4-5 (D. Nev. Apr. 19, 2010). Specifically, the Nevada Supreme Court determined that a sexual assault against an employee at work (and associated negligence claims) "falls within the NIIA if the nature of the employment contributed to or otherwise increased the risk of assault beyond that of the general public." *Wood.*, 121 P.3d at 1034. However, "when 'the animosity or

dispute which culminates in the assault is imported into the place of employment from the injured employee's private or domestic life,'" the harm is not within the worker's compensation exclusive remedy. *Id.*

Nevada federal district courts have interpreted *Wood* as precluding negligent hiring, training, and retention claims against a person's employer except in rare circumstances. *See, e.g.*, *Young*, 2010 WL 1612140 at *4-5 (dismissing negligent hiring, training, and retention claim based on the worker's compensation exclusive remedy).[10] Lienau makes no allegations of physical harm, seemingly in an effort to avoid implicating the NIIA. However, this simply causes the claim to be barred by the economic loss doctrine, as shown above. But if Lienau were to now amend her Complaint to allege physical harm to avoid the preclusive effect of the economic loss doctrine, her negligent hiring, training, and retention claim would instead be barred by the exclusive remedy of the NIIA. As such, this claim is barred by one doctrine or the other and should be dismissed with prejudice because amendment would be futile.

### 4.   Lienau's Claim Is Precluded by NRS 613.330

Additionally, "this Court and the Supreme Court of Nevada have held that Nevada Revised Statutes Section 613.330 'provides the exclusive remedy' under Nevada law 'for tort claims premised on illegal employment practices.'" *Richardson v. HRHH Gaming Senior Mezz, LLC*, 2016 WL 354749 (D. Nev. June 28, 2016) (quoting *Jackson v. Universal Health Servs., Inc.*, 2014 WL 4635873, at *3 (D. Nev. Sept. 15, 2014) and citing *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) ("the Legislature has addressed the gravity of violating Nevada's public policy against

---

[10] Neighboring states interpret their worker's compensation statutes similarly. *See, e.g.*, *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1131 (D. Ariz. 2003) ("Arizona law precludes an employee from bringing a tort action based on negligent hiring and negligent retention against their employer …."); *Howard v. Contra Costa County*, 2014 WL 824218, at *18 (N.D. Cal. Feb. 28, 2014) (dismissing negligent hiring claim as barred by the exclusive remedy of worker's compensation under California law); *Giddings v. Utah Transit Auth.*, 107 F. Supp. 3d 1205, 1210-11 (D. Utah 2015) (applying the Utah worker's compensation law to bar negligence based hiring and retention claims); *Henderson v. United Parcel Serv.*, 2006 WL 1658690, at *17 (D. Colo. June 7, 2006) (applying the Colorado worker's compensation law to bar negligent supervision and battery claim).

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

age discrimination by defining the extent of the remedy available to parties injured by such discrimination.") and *D'Angelo v. Gardner*, 819 P.2d 206, 217 n.10 (Nev. 1991) ("no additional court-created remedies ... arise out of age-based wrongful discharge for which tort recovery is available by statute.")). Here, Plaintiff's negligent hiring, training, and supervision claim is entirely based on her discrimination claim. As such, it should be dismissed for this additional reason).

## V.   CONCLUSION

For the forgoing reasons, Plaintiff's retaliation and negligent hiring, training, and retention claims should be dismissed; Plaintiff's claims against Nevada Gaming Partners Management, LLC, Nevada Gaming Partners Management II, LLC, and Managed Business Services, Inc. should be dismissed, and her wage and hour claims should be limited to the appropriate statutory period.

DATED this 10th day of August, 2016.

HOLLAND & HART LLP

By   /s/ R. Calder Huntington
Dora V. Lane, Esq.
Nevada Bar No. 8424
R. Calder Huntington, Esq.
Nevada Bar No. 11996
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
*Attorneys for Defendants*

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600 ♦ Fax: (702) 669-4650

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 10th day of August, 2016, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

Christian Gabroy, Esq.
Oscar Peralta, Esq.
GABROY LAW OFFICES
170 South Green Valley Parkway, Ste 280
Henderson, Nevada 89012
Christian@gabroy.com
Operalta@gabroy.com
*Attorneys for Plaintiffs*

/s/ Marie Twist
An Employee of Holland & Hart LLP

7778737_3